UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MARYBETH J. McGOWAN,

                Plaintiff,

   -against-

CHITTI MOORTHY, UIMA BILLING SERVICES, INC.
and UNIVERSITY IMAGING AND MEDICAL
ASSOCIATES, P.C.,

                Defendants.

-----------------------------------------------------------------x

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff, MARYBETH J. McGOWAN, by her attorneys, TRAUB & TRAUB, P.C., complaining of defendants, alleges the following:

### NATURE OF THE ACTION

1.    This is an action arising under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, the New York Labor Law, Article 6, Section 190 *et seq.* and the New York Labor Law, Article 19, Minimum Wage Act, Section 650 *et seq.*, to recover unpaid overtime compensation for work performed in excess of forty-hours per week and unpaid premium compensation for work performed in excess of ten hours per day.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1337, 2201 and 29 U.S.C. Section 216. In addition, Plaintiff respectfully requests that this Court exercise pendant jurisdiction over her claims arising under the New York State Labor Law, pursuant to 28 U.S.C. Section 1367.

1

3. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. Section 1391(a), on the basis that Defendants' principal places of business are there and all acts complained of in connection with Plaintiff's employment occurred there.

## THE PARTIES

4. Plaintiff, MARYBETH J. McGOWAN, is an adult individual and a resident of the State of New York, County of Westchester.

5. Upon information and belief, Defendant CHITTI MOORTHY (hereinafter "MOORTHY") is an adult individual and a resident of the State of New York, County of Westchester.

6. Upon information and belief, Defendant MOORTHY was and is the President and/or a principal of Defendant UNIVERSITY IMAGING AND MEDICAL ASSOCIATES, P.C. (hereinafter "UIMA P.C.").

7. Upon information and belief, Defendant MOORTHY was and is the President and/or a principal of Defendant UIMA BILLING SERVICES, INC. (hereinafter "UIMA BILLING").

8. Upon information and belief, Defendant MOORTHY is engaged in business in the State of New York, County of Westchester.

9. Defendant CHITTI MOORTHY is sued individually and in his capacity as an officer and/or agent of Defendants UIMA, P.C. and UIMA BILLING.

10. Upon information and belief, Defendant UIMA, P.C. is a New York professional corporation and is an entity with offices and facilities in the State of New

2

York, County of Westchester, and said corporation is engaged in the business of providing radiology services and does business within the State of New York.

11. Upon information and belief, during the relevant time period, Defendant UIMA, P.C. operated an enterprise engaged in commerce and is therefore an employer within the meaning of the FLSA as well as the New York Labor Law, Sections 2 and 51.

12. Upon information and belief, Defendant UIMA BILLING is a New York business corporation with its principal place of business in and with offices and facilities in the State of New York, County of Westchester, and said corporation is engaged in the business of billing for services rendered by UIMA, P.C. and other entities and does business within the State of New York.

13. Upon information and belief, during the relevant time period, Defendant UIMA BILLING operated an enterprise engaged in commerce and is therefore an employer within the meaning of the Fair Labor Standards Act as well as the New York Labor Law, Sections 2 and 51.

## STATEMENT OF FACTS

14. Defendant UIMA, P.C. hired Plaintiff in or about June, 2000 in connection with its creation of an in-house billing department for its radiology services rendered at the Westchester Medical Center. Upon information and belief, the principal(s) of Defendant UIMA, P.C. created the Defendant entity UIMA BILLING for purposes of handling billing for UIMA, P.C. in connection with its imaging business outside of Westchester Medical Center. During this time period, Plaintiff was advised that she would be an employee of Defendant UIMA BILLING. Over time, Defendant UIMA

BILLING took over the business of handling the billing for radiology and imaging services for a number of entities in addition to UIMA, P.C.

15. Defendants UIMA, P.C. and UIMA BILLING were joint employers of plaintiff.

16. Upon information and belief, in or about 2001, Defendant UIMA P.C. and Defendant UIMA BILLING entered into a written agreement whereby Defendant UIMA P.C. agreed to be responsible for the payment of all of Defendant UIMA BILLING'S costs and expenses. Plaintiff was and is a third-party beneficiary of the written agreement between Defendant UIMA P.C. and Defendant UIMA BILLING.

17. Throughout her employment, Plaintiff was required to, and did, submit time sheets.

18. During the course of Plaintiff's employment, there were periods of time when she was required to and/or did work in excess of forty hours per week.

19. Plaintiff was assured by the principal(s) of Defendants that she would be compensated for the hours she worked in excess of forty hours per week by being given compensatory time.

20. Defendants did not pay Plaintiff overtime pay when she worked in excess of forty hours per week, but instead awarded Plaintiff credit for compensatory time on their books and records.

21. Although Defendants awarded Plaintiff credit for compensatory time on their books and records, they did not award such time at the rate of 1.5 hours of compensatory time for each hour over 40 hours per week, but instead awarded such time at the rate of 1.0 hour of compensatory time for each hour over 40 hours per week.

22. Although Defendants awarded Plaintiff credit for compensatory time on their books and records, they did not allow and/or did not direct Plaintiff to take such compensatory time during the same pay period in which it was earned.

23. Although Defendants awarded Plaintiff credit for compensatory time, and although Plaintiff was allowed to and/or did utilize a small amount of her compensatory time, Plaintiff was not allowed to and/or Defendant did not direct Plaintiff to utilize most of her compensatory time and, instead, Defendants carried over Plaintiff's compensatory time balance from pay period to pay period.

24. Defendants also required Plaintiff to work over ten hours on numerous days without additional compensation for such days as required by law.

25. Upon information and belief, in or about 2005, the principal(s) of Defendant UIMA, P.C. decided to have its billing handled by an outside billing company, rather than by Defendant UIMA BILLING.

26. Defendants separated Plaintiff from her employment on or about May 31, 2005.

27. As of the date of separation from her employment, Defendants' records indicated that Plaintiff had accrued 2,349.5 hours of compensatory time, with a cash value of $90,996.13.

28. As of the date of separation from employment, Plaintiff had accrued by law 3,524.25 hours of compensatory time, with a cash value of $136,494.20.

29. As of the date of separation from employment, Defendants' records indicated that, at a minimum, Plaintiff worked in excess of ten hours on 493 days, requiring additional compensation of one hour of pay for each such day or $19,093.89.

30. Defendants' written policy was to pay individuals who were separated from employment for all accrued sick, vacation, personal and compensatory time.

31. The customary practice of Defendants was to pay individuals who were separated from employment the compensatory time credited to them at or before separation from their employment.

32. Plaintiff made demand for payment of her accrued compensatory time.

33. Defendants refused Plaintiff's request for payment of her accrued compensatory time.

34. Defendant's conduct, as set forth herein, was carried out by persons all of whom exercised managerial authority on behalf of the Defendants and all of whom acted within the scope and course of their employment.

35. Defendants conduct, as set forth herein, was repeated and willful.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

36. The allegations contained in paragraphs 1- 35 are incorporated by reference as though fully set forth herein.

37. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act.

38. Defendants willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek and/or failed to pay Plaintiff for her accrued compensatory time at the rate of not less than one and one-half hours for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. Section 207.

6

39.   The above-described actions of Defendants constitute violations of the Fair Labor Standards Act, and said violations caused Plaintiff to suffer economic injury.

40.   Due to Defendants' Fair Labor Standards Act violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation and/or her unpaid accrued compensatory time, an additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of this action, pursuant to 29 U.S.C. Section 216.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

41.   The allegations contained in paragraphs 1- 40 are incorporated by reference as though fully set forth herein.

42.   At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, Sections 2 and 651.

43.   Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek and/or failing to pay the value of Plaintiff's accrued compensatory time at rates not less than one and one-half hours for each hour worked in excess of forty hours in a workweek, and failing to pay an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations.

44.   The above-described actions of Defendants constitute violations of the New York Labor Law, and said violations caused Plaintiff to suffer economic injury.

45. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation and/or the value of her unpaid accrued compensatory time, an additional amount as liquidated damages, her unpaid compensation for days in which she worked in excess of ten hours, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of this action, pursuant to New York Labor Law, Section 663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a) An Order declaring that Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, the New York Labor Law and the New York Minimum Wage Act;

(b) An Order awarding Plaintiff unpaid overtime compensation and/or the value of the compensatory time for which she was not compensated, as due under the Fair Labor Standards Act and the New York Labor Law and the New York Minimum Wage Act;

(c) An Order awarding Plaintiff an additional amount as liquidated damages because of Defendants' willful failure to pay overtime pay and/or to compensate Plaintiff for the value of her accrued compensatory time;

(d) An Order awarding Plaintiff an additional amount for unpaid wages for each day Plaintiff worked in excess of ten hours.

(e) An Order awarding Plaintiff an additional sum for each violation, as such conduct was repeated and willful;

(f) An Order awarding Plaintiff prejudgment interest;

(g) An Order awarding Plaintiff reasonable attorneys' fees and the costs of this action; and

(h) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 1, 2005

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                  TRAUB & TRAUB, P.C.
                                  Attorneys for Plaintiff

By: _____
      Doris G. Traub (DT 3114)
      100 Church Street, Suite 1605
      New York, New York 10007
      Phone: (212) 732-0208
      Fax:    (212) 571-0860